In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00005-CR
______________________________


JERRY RAY DIVINE, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 8th Judicial District Court
Hopkins County, Texas
Trial Court No. 0216609


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          Jerry Ray Divine appeals from his convictions by a jury for aggravated sexual
assault of a child and indecency with a child by sexual contact. The jury assessed his
punishment at five years' imprisonment for the aggravated sexual assault conviction and
two years' imprisonment for the indecency with a child conviction, but also recommended
community supervision for the latter offense. Divine appeals, complaining that the trial
court did not properly apply the outcry witness rule and that outcry testimony was therefore
improperly admitted. He also complains of ineffective assistance of counsel.
Failure to Give Notice
          Divine first contends the court erred by allowing two outcry witnesses to testify
because the State did not satisfy the requirements of Tex. Code Crim. Proc. Ann. art.
38.072 (Vernon Supp. 2004). His contention is based on alleged failures of notice. The
statute reads, in pertinent part, as follows:
          Sec. 2. (a) This article applies only to statements that describe the
alleged offense that:
 
(1) were made by the child against whom the offense was allegedly
committed; and
 
(2) were made to the first person, 18 years of age or older, other than
the defendant, to whom the child made a statement about the offense.
 
(b) A statement that meets the requirements of Subsection (a) of this
article is not inadmissible because of the hearsay rule if:
 
(1) on or before the 14th day before the date the proceeding begins,
the party intending to offer the statement:
 
(A) notifies the adverse party of its intention to do so;
 
(B) provides the adverse party with the name of the witness through
whom it intends to offer the statement; and
 
(C) provides the adverse party with a written summary of the
statement;
 
(2) the trial court finds, in a hearing conducted outside the presence
of the jury, that the statement is reliable based on the time, content, and
circumstances of the statement; and
 
(3) the child testifies or is available to testify at the proceeding in court
or in any other manner provided by law.

          Hearsay is not admissible except as provided by statute or by the Rules of
Evidence. Tex. R. Evid. 802; Long v. State, 800 S.W.2d 545, 547 (Tex. Crim. App. 1990). 
Article 38.072 of the Code of Criminal Procedure creates an exception to the hearsay rule
for statements of child abuse victims if all the requisite conditions are met. Dorado v.
State, 843 S.W.2d 37, 38 (Tex. Crim. App. 1992). Article 38.072 provides that, in sexual
offense cases committed against a child twelve years of age or younger, statements that
were made by the alleged child victim to the first person, eighteen years of age or older,
other than the defendant, about the offense will not be inadmissible because of the
hearsay rule. Tex. Code Crim. Proc. Ann. art. 38.072. 
          In order for this hearsay exception to apply to such a statement, on or before the
fourteenth day before the proceedings begin, the party intending to offer the statement
must notify the adverse party of its intention to do so, and must provide the adverse party
with the name of the witness through whom it intends to offer the statement and also
provide a written summary of the statement. Tex. Code Crim. Proc. Ann. art. 38.072;
Josey v. State, 97 S.W.3d 687, 692 (Tex. App.‒Texarkana 2003, no pet.). Also, the trial
court must find, in a hearing conducted outside the presence of the jury, the statement is
reliable based on the time, content, and circumstances of the statement. Tex. Code Crim.
Proc. Ann. art. 38.072; Josey, 97 S.W.3d at 692. Additionally, the child must testify or be
available to testify at the proceeding in court or in any other manner provided by law. Tex.
Code Crim. Proc. Ann. art. 38.072; Josey, 97 S.W.3d at 692. The trial court has broad
discretion to determine whether the child's statement falls within the hearsay exception. 
The exercise of that discretion will not be disturbed unless the record shows a clear abuse
of discretion. Garcia v. State, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990); Josey, 97
S.W.3d at 692. Stated differently, we will not reverse on appeal unless the trial court's
decision is outside the zone of reasonable disagreement. Weatherred v. State, 15 S.W.3d
540, 542 (Tex. Crim. App. 2000); Josey, 97 S.W.3d at 692. 
          In this case, the trial court admitted testimony by two separate outcry witnesses
about what was apparently the same event: Katherine Brown (the child's grandmother and
the first person with whom the victim discussed the relevant events), and Martha Dykes (a
Child Advocacy Center advocate who interviewed the child). Brown testified that, when
she asked the child if Divine's finger went in her "bobo," she said it had not. In the course
of an interview, the child told Dykes that Divine came into the bathroom, stood behind her,
and caused his finger to penetrate her "bobo." 
          The interviewer in this case, as in several other cases recently decided by this
Court, was allowed to testify about the videotape of the interview, providing a play-by-play
commentary on the interview while the videotape itself was played for the jury. See Dunn
v. State, No. 06-03-00017-CR, 2003 Tex. App. LEXIS 9290 (Tex. App.‒Texarkana Oct. 31,
2003, no pet. h.); Edwards v. State, 107 S.W.3d 107 (Tex. App.‒Texarkana 2003, pet.
ref'd); Josey, 97 S.W.3d 687. 
          The complained-of statements were not actually testimony by Dykes, but are the
child's statements made on the videotape. They are therefore not a recounting of an
outcry by the person who heard an outcry, but a playing of a videotape containing answers
by the child to questions posed by the interviewer. This Court has repeatedly emphasized
that a videotape is not a person; therefore Article 38.072 cannot apply to it. A videotape
is not an outcry witness as contemplated by the statute, and as we have already stated in
the cases cited above, the statute is therefore not applicable for a variety of reasons. 
          In this case, however, the issue before us is not the admissibility of the videotape. 
The issue raised is the adequacy of the notice given by the State to defense counsel of the
proposed outcry testimony and witnesses. As set out above, the notice requirement is
statutory. The state is required, on or before the fourteenth day before the proceedings
begin, to notify the adverse party of its intention to offer the statement, and must provide
the adverse party with the name of the witness through whom it intends to offer the
statement and also provide a written summary of the statement. Josey, 97 S.W.3d at 692. 
          In this case, a copy of the outcry notice was placed in the court's file July 26, 2001. 
Defense counsel admitted he saw this statement. The record reflects, however, that the
State did not send a copy of the notice to Divine's counsel and that counsel was given a
copy of the notice three days after voir dire began. The State suggested the late notice
was a mistake caused by a miscommunication between the prosecutor and his assistant.


 
The State concedes the notice requirements were not met, but suggests that, because
counsel had actual notice, no harm occurred. 
          From this record, error is apparent. We therefore apply Rule 44.2(b) to determine
whether the trial court's error constitutes reversible error. See Tex. R. App. P. 44.2(b); 
Bottenfield v. State, 77 S.W.3d 349, 359-60 (Tex. App.‒Fort Worth 2002, pets. ref'd). 
Nonconstitutional error must be disregarded unless it affects substantial rights of the
defendant. Johnson v. State, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). A substantial right
is affected when the error had a substantial and injurious effect or influence in determining
the jury's verdict. King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997); Hankton v.
State, 23 S.W.3d 540, 548 (Tex. App.‒Houston [1st Dist.] 2000, pet. ref'd). A conviction
should not be overturned for such error if this Court, after examining the record as a whole,
has fair assurance the error did not influence the jury, or had but a slight effect. Johnson
v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); Duncan v. State, 95 S.W.3d 669,
672 (Tex. App.‒Houston [1st Dist.] 2002, pet. ref'd).
          In this case, there is no concrete explanation of how the failure to provide notice
through the correct methods harmed Divine. Counsel acknowledged he had a copy of
Brown's statement and also had a copy of the videotaped interview. Counsel also
acknowledged he did not believe he would have changed anything in his pretrial
preparation and, when the court asked if more time would assist him in preparing for trial,
counsel indicated it would not, because he did already have the information.
          Under these facts, we conclude that harm has not been shown. The contention of
error is overruled.
Multiple Outcry Witnesses
          Divine next contends the trial court erred in admitting the testimony of two separate
outcry witnesses. To qualify as a proper outcry statement, the child must have described
the alleged offense in some discernible way and must have more than generally insinuated
that sexual abuse occurred. Tear, 74 S.W.3d at 559 (citing Sims v. State, 12 S.W.3d 499,
500 (Tex. App.‒Dallas 1999, pet. ref'd)); see also Garcia v. State, 792 S.W.2d 88, 91 (Tex.
Crim. App. 1990) (outcry must be more than general allusion of sexual abuse). This Court
has recently addressed this issue in Josey, 97 S.W.3d 687. It is possible to have more
than one outcry witness in a case, so long as the outcry is about different matters. Id. at
693.
          In Josey, the victim first told his mother about being made to put Josey's penis in
the victim's mouth and about being "fingered." The victim went into explicit detail with his
mother about the act of oral contact, but gave no details about being "fingered." Two days
later, however, the victim provided, for the first time, details about the fingering incident
during an interview with a forensic interviewer. The trial court concluded the victim's first
outcry regarding digital penetration did not occur until the interview. Cf. Schuster v. State,
852 S.W.2d 766, 768 (Tex. App.‒Fort Worth 1993, pet. ref'd) (trial court reasonably
determined victim's statement to mother, that defendant had touched victim, was merely
general allusion that something in area of child abuse was going on rather than clear
description of offense; witness other than mother was proper outcry witness). We
concluded in Josey the trial court did not abuse its discretion by admitting the testimony of
the second outcry witness.
          Counsel raises a specific complaint. The grandmother testified she asked the child
if, during the bathroom incident, Divine had put his finger inside her. The child told her he
had not. However, in the interview, the testimony was that, during the bathroom incident, 
he had put his finger inside her. Counsel uses this as his point of demarcation between
this case and others. His point is not that this involves the same incident, but is a more
finely-honed argument that the child had already stated an act did not occur during an
encounter, but then later said it had. Thus, counsel argues, it is not even an outcry about
some different offense, but something the child had already denied had occurred during
the specific encounter at bar. He takes the position that this distinction should cause the
second outcry witness' testimony to be inadmissible. Although we acknowledge that this
case is, for that reason, different from cases cited by counsel,


 we see no reason for this
distinction to have any effect. The result of the child's inconsistency would affect the
believability of the outcry statements and thus affect the weight given by the fact-finder to
her testimony. 
          At the simplest level, the child did not make an outcry about penetration to the
grandmother, but did make such an outcry to the interviewer. The fact the child denied
penetration had occurred in her statement to the grandmother does not make the later
outcry inadmissible, or change its nature. It may affect its believability, but not its
admissibility. 
          The trial court has broad discretion to determine whether the child's statement falls
within the hearsay exception. The exercise of that discretion will not be disturbed unless
the record shows a clear abuse of discretion. Garcia, 792 S.W.2d at 91; Josey, 97 S.W.3d
at 692. We will not reverse on appeal unless the trial court's decision is outside the zone
of reasonable disagreement. Weatherred, 15 S.W.3d at 542; Josey, 97 S.W.3d at 692. 
 
          We conclude the court's ruling in this instance was not outside that zone. The
contention of error is overruled.
Ineffective Assistance of Counsel
          In his final contention of error, counsel argues Divine received ineffective assistance
of counsel at trial. The standard of testing claims of ineffective assistance of counsel is set
out in Strickland v. Washington, 466 U.S. 668 (1984). To prevail, an appellant must prove
by a preponderance of the evidence (1) that his or her counsel's representation fell below
an objective standard of reasonableness, and (2) that the deficient performance prejudiced
his or her defense. Strickland, 466 U.S. at 687; Rosales v. State, 4 S.W.3d 228, 231 (Tex.
Crim. App. 1999). To meet this burden, the appellant must prove that the attorney's
representation fell below the standard of prevailing professional norms and that there is a
reasonable probability that, but for the attorney's deficiency, the result of the trial would
have been different. Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Under
this standard, a claimant must prove that counsel's representation so undermined the
proper functioning of the adversarial process that the trial cannot be relied on as having
produced a just result. Strickland, 466 U.S. at 686. 
          Our review of counsel's representation is highly deferential; we indulge a strong
presumption that counsel's conduct falls within a wide range of reasonable representation. 
Strickland, 466 U.S. at 689; Tong, 25 S.W.3d at 712. This Court will not second-guess
through hindsight the strategy of counsel at trial, nor will the fact that another attorney
might have pursued a different course support a finding of ineffectiveness. Blott v. State,
588 S.W.2d 588, 592 (Tex. Crim. App. 1979). That another attorney, including appellant's
counsel on appeal, might have pursued a different course of action does not necessarily
indicate ineffective assistance. Harner v. State, 997 S.W.2d 695, 704 (Tex.
App.‒Texarkana 1999, no pet.). Any allegation of ineffectiveness must be firmly founded
in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. 
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).
          Further, we have been warned that direct appeal is often not an appropriate or
adequate venue in which to raise such a claim. The Texas Court of Criminal Appeals has
correctly pointed out that, when ineffective assistance is raised on direct appeal, appellate
counsel and the court must proceed on a trial record not developed for the object of
litigating or preserving the claim and thus often incomplete or inadequate for this purpose. 
Freeman v. State, No. 2156-01, 2003 Tex. Crim. App. LEXIS 711, at *2-3 (Tex. Crim. App.
Nov. 5, 2003). Although some claims may be disposed of on direct appeal where "trial
counsel's ineffectiveness is so apparent from the record," Massaro v. United States, ___
U.S. ___, 123 S.Ct. 1690, 1696 (2003); Freeman, 2003 Tex. Crim. App. LEXIS 711, at *3,
it appears the Texas Court of Criminal Appeals has concluded such situations are quite
rare. 
          In this case, Divine argues counsel was ineffective because he did not make an
objection to the State's failure to send outcry notices when he actually received the outcry
statements October 4, 2001, and by failing to articulate any substantial reasons at trial
regarding harm suffered from lack of notice. The purpose of the notice is to–provide
notice. Counsel had actual notice, if not the formal document. Although counsel was
entitled to such a document, there is no reason to consider him ineffective for failing to
demand the document when he had the statements in hand. Further, in the absence of
any record showing that substantial reasons reflecting harm actually exist, we cannot
consider that counsel was ineffective for failing to place any such reasons before the court. 
In the absence of a record supporting the allegation counsel was ineffective, we cannot so
conclude. The contention of error is overruled.
Summary and Conclusion
          In summary, we hold the State's failure to give timely notice of outcry testimony was
harmless error. We further hold it was not error to admit the testimony of two outcry
witnesses, even though the victim specifically denied in her outcry to the first witness that
the conduct she described to the second witness ever occurred. Finally, we hold that
Divine was not denied effective assistance of counsel.
 

          For these reasons, we affirm the judgment.

                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      November 17, 2003
Date Decided:         December 4, 2003

Publish