In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00017-CR
______________________________


RON JASON DUNN, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 8th Judicial District Court
Hopkins County, Texas
Trial Court No. 0216599


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Carter


O P I N I O N

            Ron Jason Dunn appeals from his conviction by a jury for the offense of aggravated sexual
assault of a child. The trial court assessed his punishment at life imprisonment. Four cases, each
involving three counts, were tried together. Four appeals are presently pending before this Court. 
They have been briefed together. The issues are: (1) Does Article 38.072 of the Texas Code of
Criminal Procedure authorize the use of a videotaped interview as an outcry statement? and (2) Is
the evidence legally and factually sufficient? We affirm the judgment of the trial court.
Outcry Statement 
            Dunn contends the trial court abused its discretion by admitting a videotape of interviews
with the victims as the "outcry" because a video recorder is not a person and cannot be cross-examined as would a witness. Therefore, Dunn argues, a tape recording of questioning by an
interviewer cannot serve as an "outcry." In this case, the State informed the trial court that the
children would testify (and they did), and had previously informed Dunn that it intended to introduce 
videotaped interviews that were conducted with the victims by a State social worker which would
be presented to the jury as an "outcry" statement allowed under Tex. Code Crim. Proc. Ann. art.
38.072 (Vernon Supp. 2004).


 
            At the trial, counsel objected because the video statements were hearsay and because their
admission would constitute a denial of Dunn's right to confront the witnesses against him. The
objections were overruled.



            The initial question is whether the contention of error now raised on appeal was preserved
for our review. When trial objections do not comport with arguments on appeal, an appellant has
failed to preserve error. Goff v. State, 931 S.W.2d 537, 551 (Tex. Crim. App. 1996); Fultz v. State,
940 S.W.2d 758, 760 (Tex. App.‒Texarkana 1997, pet. ref'd).
            Article 38.072 provides that certain statements made by a child to the first adult person the
child told of the offense are not excluded because of the hearsay rule. Dunn contends on appeal that
a videotape cannot be a person; thus, by its very nature, the hearsay exception of Article 38.072
cannot apply. Although the objection did not articulate that specific turn of phrase, all of the matters
involved in such an objection were raised. The objections argued at trial involved whether use of
the videotapes would deny Dunn's right to confront the witnesses, pointed out that the witnesses
were available and the videotape would be cumulative and that he could not cross-examine the
videotape. 
            A defendant's hearsay objection is sufficient to preserve error for any failure to comply with
the mandatory requirements of Article 38.072 because, after a hearsay objection is made, the State
has the burden to show it has complied with all the requirements listed in Article 38.072. Long v.
State, 800 S.W.2d 545, 547-48 (Tex. Crim. App. 1990); Yebio v. State, 87 S.W.3d 193, 197-98 (Tex.
App.‒Texarkana 2002, pet. ref'd); Gabriel v. State, 973 S.W.2d 715, 719 (Tex. App.‒Waco 1998,
no pet.). We conclude this objection is sufficient to bring the matters now raised on appeal to the
trial court's attention. 
            The children explained in some detail in these lengthy interviews exactly what had been done
to them and what Dunn had required them to do to him. The State played the videotape during its
examination of the interviewer, allowing her to explain the events to the jury. At a later time, the
two victims testified in person about the same matters, in similar detail. 
            Specifically, the girls stated on the videotape that Dunn had touched them with hands,
tongue, and penis on their genitals; the younger girl stated that Dunn had penetrated her with his
penis; and both stated that they had been required to engage in oral sex with Dunn. The older girl
testified that this had occurred daily over a period of years, and the younger girl, who was much less
forthcoming with her statements, stated that the events had each occurred at least five times in each
location where they lived. 
            Hearsay is not admissible except as provided by statute or by the Texas Rules of Evidence. 
Tex. R. Evid. 802; Long, 800 S.W.2d at 547. Article 38.072 of the Texas Code of Criminal
Procedure creates an exception to the hearsay rule for statements of child abuse victims if all the
requisite conditions are met. Dorado v. State, 843 S.W.2d 37, 38 (Tex. Crim. App. 1992); Josey v.
State, 97 S.W.3d 687, 692 (Tex. App.‒Texarkana 2003, no pet.). 
            Article 38.072 provides that, in sexual offense cases committed against a child twelve years
of age or younger, statements that were made by the alleged child victim to the first person, eighteen
years of age or older, other than the defendant, about the offense will not be inadmissible because
of the hearsay rule. Tex. Code Crim. Proc. Ann. art. 38.072. In order for this hearsay exception
to apply to such a statement, on or before the fourteenth day before the proceedings begin, the party
intending to offer the statement must notify the adverse party of its intention to do so and must
provide the adverse party with the name of the witness through whom it intends to offer the
statement and also provide a written summary of the statement. Id. Also, the trial court must find,
in a hearing conducted outside the presence of the jury, that the statement is reliable based on the
time, content, and circumstances of the statement. Id. Additionally, the child must testify or be
available to testify at the proceeding in court or in any other manner provided by law. Id. The trial
court has broad discretion to determine whether the child's statement falls within the hearsay
exception. The exercise of that discretion will not be disturbed unless the record shows a clear abuse
of discretion. Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); Tear v. State, 74
S.W.3d 555, 558 (Tex. App.‒Dallas 2002, pet. ref'd). We will not reverse on appeal unless the trial
court's decision is outside the zone of reasonable disagreement. Weatherred, 15 S.W.3d at 542;
Josey, 97 S.W.3d at 692. 
            The videotape containing the separate statements of each child, in this instance, was hearsay. 
It was therefore admissible only if some exception applied. The only suggested authority for such
admission lies in Article 38.072. We cannot agree that the article contemplates that a videotape of
the "outcry" will be introduced. It clearly contemplates that a person, subject to confrontation and
cross-examination, will testify about what was said. Here, the interviews (which could not be cross-examined) were played, in their entirety, so the jury could observe the children, and the person who
conducted the interviews simultaneously provided a commentary explaining what the jury was
observing. 
            By admitting the videotape into evidence, the trial court allowed evidence into the record in
violation of the Texas statute. The ruling of the trial court is therefore outside the zone of reasonable
disagreement. We therefore conclude the trial court abused its discretion by admitting the evidence.
            Improper admission of hearsay evidence is nonconstitutional error. See Johnson v. State, 967
S.W.2d 410, 417 (Tex. Crim. App. 1998). The admission of these statements violated Article 38.072
of the Texas Code of Criminal Procedure. Therefore, our analysis of harm is governed by Tex. R.
App. P. 44.2(b). Under that analysis, we disregard the error if it does not affect Dunn's substantial
rights. Texas Rule of Evidence 103(a) provides that "[e]rror may not be predicated upon a ruling
which admits or excludes evidence unless a substantial right of the party is affected." Tex. R. Evid.
103(a). Thus, the standard of review for harm analysis when evidence is improperly admitted is the
same as that for error under Texas Rule of Appellate Procedure 44.2(b). Tex. R. App. P. 44.2(b);
James v. State, 102 S.W.3d 162, 179 (Tex. App.‒Fort Worth 2003, pet. ref'd).
            The cases uniformly hold that the rule is that the improper admission of evidence does not
constitute reversible error if the same facts are proved by other properly admitted evidence. Brooks
v. State, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999) (holding any error in the admission of hearsay
testimony was harmless in light of other properly admitted evidence proving same fact); Perez v.
State, No. 03-02-00260-CR, 2003 WL 21939034, at *7 (Tex. App.‒Austin Aug. 14, 2003, no pet.
h.)


 (not designated for publication); Broderick v. State, 35 S.W.3d 67, 74 (Tex. App.‒Texarkana
2000, pet. ref'd); Thomas v. State, 1 S.W.3d 138, 142 (Tex. App.‒Texarkana 1999, pet. ref'd) (error
in admission of improper outcry witness harmless when other proper evidence of such statements
admitted). 
            The application of that generic rule is subject to some variation, however. Some of the cases
focus (especially if the evidence is particularly damning) on the brevity of the improperly admitted
testimony. Moore v. State, 82 S.W.3d 399, 406 (Tex. App.‒Austin 2002, pet. ref'd); see Josey, 97
S.W.3d at 698; see also Ferguson v. State, 97 S.W.3d 293, 298 (Tex. App.‒Houston [14th Dist.]
2003, pet. ref'd) (affirming, noting the properly admitted evidence was extremely strong).
            In situations where an improperly admitted videotape "essentially repeated the testimony"
of the victim, when the victim also testifies and the videotape is cumulative of the victim's properly
admitted testimony on the same issue, courts often disregard the error, reasoning that it could not
have affected the appellant's substantial rights. Jensen v. State, 66 S.W.3d 528, 537 (Tex.
App.‒Houston [14th Dist.] 2002, pet. ref'd); Matz v. State, 21 S.W.3d 911, 912 (Tex. App.‒Fort
Worth 2000, pet. ref'd) (op. on remand).
            Here, the videotaped interviews take up approximately an hour of time, which was extended
by the explanatory testimony of the interviewer. In no manner can they either be considered
unpersuasive or brief. However, the video recordings of those interviews, as well as the commentary
by the interviewer, are in all relevant respects the same as the eventual testimony of the victims at
trial. The girls testified in person concerning the numerous sexual assaults they had experienced by
Dunn's actions. As they did in the video interview, the girls testified concerning Dunn's touching
their genital areas with his hands and penis, as well as being forced to engage in oral sex with him. 
            The victims' live testimony consumes thirty–seven pages of the record, while the cross-examination continued for another twenty–four pages. The videotapes total an hour in length, and
the interviewer's commentary (in which the videotapes were not transcribed) extends for another
twenty–eight pages. The State made no specific reference that could be attributed solely to the
videotapes or the interviewer's testimony during closing argument.
            We find that, because the testimony of the victims is the same as that of the videotapes, the
erroneous admission of those videotapes does not affect the substantial rights of Dunn. The
contention of error is overruled.
Sufficiency of the Evidence
            Dunn next contends the evidence is insufficient because the evidence does not support the
verdict. The argument focuses on an alleged failure to prove the county in which the offenses
occurred and on alleged contradictions in the victims' testimony. In our review of the legal
sufficiency of the evidence, we employ the standards set forth in Jackson v. Virginia, 443 U.S. 307,
319 (1979). This calls on the court to view the relevant evidence in the light most favorable to the
verdict and determine whether any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In
our review, we must evaluate all of the evidence in the record, both direct and circumstantial,
whether admissible or inadmissible. Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). 
            In contrast, a factual sufficiency review dictates that the evidence be viewed in a neutral light,
favoring neither party. Johnson, 23 S.W.3d at 7; see Clewis v. State, 922 S.W.2d 126, 134 (Tex.
Crim. App. 1996). In determining the factual sufficiency of the evidence to establish the elements
of the offense, we view all the evidence in a neutral light and set aside the verdict only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Johnson,
23 S.W.3d at 7; Clewis, 922 S.W.2d at 129. 
            In this case, there is testimony from both the victims, that Dunn had sexually abused them
at times while they were living in Hopkins County, as well as at earlier times while they lived in
other counties. Although, as pointed out by Dunn, there is some testimony that is inconsistent about
the times and locations involved, the evidence presented is both legally and factually sufficient to
allow the jury to conclude beyond a reasonable doubt that the offenses occurred and that they
occurred in Hopkins County. Further, the evidence to the contrary is not so overwhelming as to be
clearly wrong and unjust. 
            The contention of error is overruled.
Conclusion
            The trial court erred in admitting the videotaped interviews as an outcry pursuant to
Article 38.072. However, in light of the victims' testimony in court concerning the same evidence,
the admission of the videotaped interviews did not affect the substantial rights of Dunn. The
evidence is legally and factually sufficient to sustain the conviction.
            We affirm the judgment of the trial court.
 

                                                                        Jack Carter
                                                                        Justice

Date Submitted:          October 20, 2003
Date Decided:             October 31, 2003

Publish