In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00194-CR
______________________________


JAMIE JOSEPH, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 202nd Judicial District Court
Bowie County, Texas
Trial Court No. 02-F-0240-202


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            A jury found Jamie Joseph guilty of possessing a deadly weapon (a "shank") in a penal
institution, as charged in the indictment. See Tex. Pen. Code Ann. § 46.10 (Vernon 2004). Joseph
pled "true" to having been previously, finally, and sequentially convicted of two felony offenses in
this State and asked the trial court to assess punishment. Based on the record before it, the trial court
sentenced Joseph to ninety-nine years' imprisonment. (There was no negotiated plea agreement
regarding punishment in this case.) Young timely appealed his conviction and sentence to this
Court.
            On February 19, 2004, Joseph's appellate counsel submitted a brief to this Court stating she
had reviewed the record and determined there were no nonfrivolous issues that may be raised. 
Accordingly, she asked that we allow her to withdraw as counsel pursuant to Anders v. California,
386 U.S. 738 (1967). Counsel sent Young a copy of the appellate brief and the appellate record,



and further informed Young of his right to file a pro se response. This Court informed Young at that
time his response, if any, was due by March 22, 2004. As of this date, we have not received a pro se
response. We have independently reviewed the record and the brief filed by counsel in this appeal,
and we agree there are no arguable issues that would support an appeal in this case. 
            In this case, Joseph filed a motion to suppress an oral statement Rashod Fulce, a six-year
veteran officer with the Texas Department of Corrections, claimed Joseph made while incarcerated
at the Telford Unit in New Boston, Texas. The trial court conducted a hearing on the motion before
trial. The trial court found Joseph did make a statement to the officer while he was in police custody,
but that he did so voluntarily and not as a result of any questioning by law enforcement officials. 
The trial court then denied Joseph's motion to suppress.
            Fulce testified that he was attempting to pick up law books from Joseph's cell when Joseph
stated, "I have a shank and I'm not afraid to use it." Fulce further stated that, before hearing Joseph's
statement, Fulce had not questioned Joseph in any manner. On cross-examination, Fulce said Joseph
made his statement spontaneously. Joseph, however, denied ever making such a statement to the
officer. Affording due deference to the trial court's resolution of historical facts, we cannot say the
trial court abused its discretion by finding Joseph's statement was not the product of custodial
interrogation and was, therefore, admissible. See Muhammad v. State, 911 S.W.2d 823, 826 (Tex.
App.—Texarkana 1995, no pet.) (we do not engage in our own factual review; we determine whether
the trial court's ruling was supported by the record).
            At trial, Fulce told the jury Joseph stated he had a weapon. Fulce also stated he saw Joseph
remove a long spear-like object from under the sink in his cell. Fulce then notified a supervisor
about Joseph's weapon. Shortly thereafter, an "extraction team" entered Joseph's cell and removed
the weapon. Jeffrey Butler, an investigator with the Texas Department of Criminal Justice (TDCJ)
who works at the Telford Unit, testified it was illegal for Joseph to possess the shank officers seized
from his cell. Brian Collins, another officer with TDCJ, described the weapon as "a stabbing device
made of Plexiglas with a newspaper handle." Collins also opined, based on his training and
experience as a corrections officer, that the sole purpose of Joseph's weapon "would be to hurt,
maim, or kill someone." 
            Joseph did not testify, nor did he present any additional evidence to the jury. 
            A person is prohibited from intentionally, knowingly, or recklessly possessing a deadly
weapon in a penal institution. Tex. Pen. Code Ann. § 46.10. Viewing the evidence in the light
most favorable to the verdict, a rational jury could have found the State proved the essential elements
of the charged offense beyond a reasonable doubt. See Dunn v. State, 125 S.W.3d 610, 616 (Tex.
App.—Texarkana 2003, no pet.). 
            There are two ways in which we may find the evidence to be factually insufficient. Zuniga
v. State, No. 539-02, 2004 Tex. Crim. App. Lexis 668, at *20 (Tex. Crim. App. Apr. 21, 2004). 
First, if the evidence supporting the verdict, considered alone, is too weak to support the jury's
finding of guilt beyond a reasonable doubt, then we must find the evidence insufficient. Id. Second,
if—when we weigh the evidence supporting and contravening the conviction—we conclude that the
contrary evidence is strong enough the State could not have met its burden of proof, we must find
the evidence insufficient. Id. "Stated another way, evidence supporting guilt can 'outweigh' the
contrary proof and still be factually insufficient under a beyond-a-reasonable doubt standard." Id. 
If the evidence is factually insufficient, then we must reverse the judgment and remand for a new
trial. Clewis v. State, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996). 
            In this case, the evidence supporting the verdict, when considered alone, is not too weak to
support the jury's finding of guilt beyond a reasonable doubt. Nor is the evidence supporting the
jury's verdict outweighed by evidence contravening the jury's verdict. Considering all the evidence
in a neutral light, we believe the jury was rationally justified in finding guilt beyond a reasonable
doubt. 
            At the sentencing hearing, Joseph pled "true" to having been convicted of two prior felony
offenses. His plea enhanced the punishment range for his offense to imprisonment for no less than
twenty-five years or more than ninety-nine years or life. See Tex. Pen. Code Ann. § 12.42(d)
(Vernon Supp. 2004). The trial court reviewed Joseph's lengthy disciplinary history while in prison,
the circumstances of the present offense, and the seriousness of his prior crimes (including one
conviction for attempted capital murder), and concluded the appropriate punishment in this case was
ninety-nine years. The punishment assessed in this case was within the range of punishment
permitted under Texas law. Accordingly, we affirm the trial court's judgment.



                                                                        Jack Carter
                                                                        Justice

Date Submitted:          May 6, 2004
Date Decided:             May 11, 2004

Do Not Publish