In The


 

Court of Appeals



Ninth District of Texas at Beaumont


 

____________________



NO. 09-04-001 CR


____________________



JONATHAN FOWLER, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 159th District Court


Angelina County, Texas


Trial Court Cause No. 23,451






MEMORANDUM OPINION
 Jonathan Fowler appeals his conviction for robbery. See Tex. Pen. Code Ann. §
29.02 (Vernon 2003). He argues he was deprived of reasonably effective assistance of
counsel. 

 The complainant was at a pay phone at the front of a Brookshire Brothers store
around 11 p.m. He had driven there in his pickup. While he was on the pay phone, the
complainant saw a man, whom the complainant identified in court as the defendant, get in
the seat of complainant's truck. Complainant said he ran to the pickup and told the man
to get out. When the man refused, complainant grabbed him, pulled him from the pickup,
and "told him he had better go on." Complainant returned to the pay phone, and the
defendant came back to the pickup and "snapped [the] bug catcher off." The defendant
got back in complainant's pickup and "pulled it out of gear." When the truck began
rolling toward the street, complainant pulled the door open and was hanging on the door. 
Complainant was holding onto the steering wheel while he tried to reach and kick the
emergency brake. Fowler did not hit complainant, but he kept kicking complainant while
complainant was attempting to engage the emergency brake. While rolling, the truck
picked up such speed that complainant had to let go and fall to the ground. Complainant
said the struggle with Fowler lasted five or ten minutes. During the struggle,
complainant's foot was broken and his arm was jerked out of its socket. 

 To prevail on an ineffective assistance of counsel claim, appellant must show (1)
trial counsel's performance was deficient, and (2) the deficient performance prejudiced the
defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984); Rylander v. State, 101 S.W.3d 107, 109-110 (Tex. Crim. App. 2003). Judicial
scrutiny of counsel's performance must be highly deferential, and a reviewing court "'must
indulge a strong presumption that counsel's conduct falls within the wide range of
reasonable professional assistance[.]'" Rylander, 101 S.W.3d at 110 (quoting Strickland,
466 U.S. at 689). Failure to make either of the required showings of deficient
performance and sufficient prejudice defeats the ineffective assistance claim. Id. (citing
Thompson v. State, 95 S.W.3d 808, 813 (Tex. Crim. App. 1999). 

 The record is silent as to trial counsel's reasons or strategy in conducting the
defense. The Court of Criminal Appeals has noted that the record on direct appeal will
generally be insufficient to show counsel's representation was so deficient as to meet the
first prong of the Strickland standard because "the reasonableness of counsel's choices
often involves facts that do not appear in the appellate record." Rylander, 101 S.W.3d at
110 (quoting Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002)). As to the
second Strickland prong, "appellant must show a reasonable probability that, but for his
counsel's unprofessional errors, the result of the proceeding would have been different." 
Mitchell, 68 S.W.3d at 642. This means a defendant claiming ineffective assistance must
affirmatively prove prejudice from counsel's deficient performance. Mitchell v. State, 989
S.W.2d 747, 748 (Tex. Crim. App. 1999). 

 Fowler presents various allegations of ineffective assistance. Officer Steven Abbott
testified without objection that Grissett, a night watchman, called the dispatcher to report
the events Grissett witnessed that night. Abbott explained he then contacted Grissett, who
said he witnessed the robbery of complainant and also saw Fowler attempt to gain entry
into the Conoco station, the Tobacco Barn, and another car on the lot. The record does
not reveal trial counsel's reasons for not objecting to Abbott's comments about the Conoco
station, the Tobacco Barn, and another car on the lot. Some of the testimony may
arguably be considered "same transaction contextual" evidence offered to show the context
in which the crime occurred. See Wyatt v. State, 23 S.W.3d 18, 25-26 (Tex. Crim. App.
2000); see also Wesbrook v. State, 29 S.W.3d 103, 114-15 (Tex. Crim. App. 2000). 
Without objection, Abbott also gave a narrative account of what happened between
complainant and Fowler even though Abbott was not present when the events occurred. 
Similar evidence was admitted without objection through complainant's testimony. 

 Any error in the admission of evidence is cured where the same evidence is
admitted elsewhere without objection. See Valle v. State, 109 S.W.3d 500, 509 (Tex.
Crim. App. 2003). The testimony of complainant, an eyewitness to the events, was 
admissible. We need not decide whether Abbott's testimony was admissible to show why
the investigation focused on Fowler, or speculate on counsel's reasons for not objecting
to Abbott's testimony. See Ortiz v. State, 93 S.W.3d 79, 88-89, 95 (Tex. Crim. App.
2002). To the extent the complainant did not testify to the same or similar information,
e.g., the other acts by appellant, appellant has not satisfied the second prong of Strickland. 
Appellant has not satisfied the Strickland requirement of prejudice because he has not
shown that, but for his counsel's failure to object to Abbott's testimony, the result of the
proceeding would have been different. 

 Appellant points to the admission of photographs that Officer Abbott took of
complainant's injuries that night. Trial counsel objected on the grounds that the photos do
not fairly and accurately represent what happened. Trial counsel indicated he did not
believe the injuries the photos showed. Appellant apparently finds counsel's trial
objections insufficient, but he does not explain why the objections constitute ineffective
assistance of counsel. Presented with no argument on appeal, we do not address
appellant's suggestion of trial counsel's ineffectiveness. See Tex. R. App. 38.1(h). 

 Fowler also faults trial counsel's cross-examination of Officer Abbott because
counsel asked only one question: did Abbott and the other two officers come in one car
or separate cars that night? The record on direct appeal does not reveal the reason behind
counsel's decision to defer from questioning the officer further, and we will not speculate
on that decision. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994)(Generally, the presumption of sound trial strategy cannot be overcome absent
evidence in the record of the attorney's reasons for his conduct.). 

 Appellant next points to the testimony of Detective William David Casper. Fowler
says Casper testified, without objection, about the details of the offense even though
Casper did not go to the scene that night. Casper testified he did go to the scene, made
contact with Fowler, and took him into custody. How Casper knew to go to the scene was
through the dispatcher, who related to Casper the information given by the initial caller
(Grissett). Fowler says trial counsel failed to object when Casper testified Officer Abbott
told him that the initial caller stated the suspect had attempted to enter the Tobacco Barn. 
Casper also testified to what complainant told him happened that night. Appellant, in
effect, says this is hearsay. Again, we will not speculate about counsel's reasons or
strategy in failing to object. The remaining information testified to by Casper was the
same or similar to complainant's admissible testimony. The requirements of Strickland are
not established because appellant has not shown the result of the proceeding would have
been different but for his counsel's failure to object. 

 Appellate counsel also cites as an example of ineffectiveness the testimony of
Randall Kennedy, a loss prevention officer at Brookshire Brothers. Trial counsel did not
object to Kennedy's testimony. Appellant presents no argument as to how the failure to
object to this testimony amounted to deficient performance. Counsel has waived any
suggestion of ineffectiveness regarding Kennedy's testimony. See Tex. R. App. P.
38.1(h).

 Fowler argues trial counsel was ineffective for failing to object to the admission of
a videotape. Kennedy, the employee in charge of the surveillance system in most of
Brookshire Brothers' stores, indicated he viewed the store's surveillance videotape and
opined it was an accurate copy, but an extraction of the original tape. He said the tape 
did not seem to have been altered, and that it appeared to fairly and accurately represent
the camera views available at the store.

 The State sought to admit the videotape during Detective Casper's testimony, not
Kennedy's. Casper testified that, while he was at the scene, he asked Brookshire Brothers'
assistant manager, Patrick Riesinger, "if [the store] had any surveillance that could
possibly show what took place in the parking lot." Riesinger turned the surveillance
videotape over to Casper. Casper testified he viewed the tape and determined the tape
contained relevant information. Casper indicated he did not personally take any of the
information and "compile it onto this tape" offered by the State into evidence. He
explained the police department has a man who "does all the video for us. We advise him,
you know, this is the tape, this is what I need off of it as far as time period and stuff, and
he will record that over onto a video." Casper indicated he personally identified the
portion from the surveillance tape that he wanted recorded on the new tape, but Casper did
not view the tape made by Lewing from the original tape. Lewing did not testify regarding
the editing process. Nevertheless, Kennedy confirmed the copy's accuracy. Furthermore,
the videotape is cumulative of properly admitted testimony. See Dunn v. State, 125
S.W.3d 610, 615 (Tex. App.-- Texarkana 2003, no pet.); see also Jensen v. State, 66
S.W.3d 528, 536-37 (Tex. App.--Houston [14th Dist.] 2002, pet. ref'd). The prejudice
prong of Strickland is not satisfied. 

 Appellant appears to say trial counsel should have objected below to the
insufficiency of the evidence to support the robbery conviction. However, sufficiency
issues were raised in a motion for new trial. The indictment charges Fowler as follows:

 Defendant . . . did then and there, while in the course of committing theft
of property and with intent to obtain or maintain control of said property,
intentionally, knowingly, or recklessly cause bodily injury to [complainant]
by dragging [complainant] with a vehicle[.] 


Fowler seems to say he could not have caused bodily injury to complainant because
complainant testified Fowler did not hit him. Fowler also maintains complainant was not
dragged by the vehicle, since complainant testified he was holding on to the vehicle in an
attempt to stop it. No sufficiency issues have been raised directly on appeal. Appellant
has not shown deficient representation by trial counsel or that, but for his counsel's
conduct, the result of the trial would have been different. 

 Finally, defendant argues trial counsel was ineffective for injecting defendant's
character into the case. Fowler's only witness was his mother, who was to testify as a
"background character witness." Appellant faults that strategy because Fowler had not
testified, and his character had not been placed into controversy. Fowler's mother testified
that all she knew about the case related to a phone call she received that night from
Fowler, who called her from jail and told her "he didn't know how he got there and why
he was there." There was no cross-examination by the State. Based on this record, we
cannot say the representation was deficient or caused harm. 

 Appellant's issue raising ineffective assistance of counsel is overruled. The trial
court's judgment is affirmed.

 AFFIRMED. 

 PER CURIAM


Submitted on October 8, 2004

Opinion Delivered December 1, 2004

Do Not Publish


Before McKeithen, C.J., Burgess, and Gaultney, JJ.