

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00218-CR

DESEAN LAVERNE MCPHERSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 27362

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

Desean Laverne McPherson was convicted of tampering with or fabricating physical evidence and sentenced to ten years' incarceration, with the sentence suspended for five years' community supervision. On appeal, McPherson argues that there is legally insufficient evidence to support his conviction. Finding legally sufficient evidence, we affirm the trial court's judgment.

## I.      Factual and Procedural Background

On June 10, 2017, Trooper Michael Townes of the Texas Highway Patrol was patrolling traffic along State Highway 19 when a truck drove past him going eighty-four miles per hour (m.p.h.) in a seventy-five-m.p.h. zone. Attempting to stop the truck, Townes turned on his patrol car's overhead lights and pulled his patrol car behind the truck, but it continued to travel for almost two miles. During Townes' pursuit of the truck, it changed from the left lane to the right lane, and then it began driving on the shoulder, where Townes activated his siren and noticed some small objects fly out of the truck's window and hit his windshield. The truck stopped shortly after the siren was activated.

When Townes approached the truck, he noticed that the truck's four windows were all rolled down, and he remembered that, when the truck had initially driven past him, the windows had all been up. As shown in the Trooper's dash camera video, Townes spoke with the truck's driver, McPherson, told him that he was being stopped for speeding, remarked that McPherson had "stuff . . . flying out of [his] vehicle," and asked him why he failed to stop when he saw the officer's overhead lights. McPherson claimed that he was in the right lane when he saw the patrol car with its lights on behind him, and he told Townes that he had continued driving and was trying

2

to get out of Townes' way because he thought that Townes wanted to pass him rather than pull him over. McPherson and his wife testified at trial that he was talking to her on the phone while Townes was attempting to stop McPherson. Townes issued McPherson a citation for speeding and let him drive away.

Townes testified that, at that point, he went back to the area where he had seen the objects fly out of the vehicle, and as partially shown in a separate dash camera video, he searched the "shoulder and in the bar ditch," where he discovered several cigarillos. Based on his training and experience, Townes identified the cigarillos as containing marihuana. After speaking with his sergeant regarding how to proceed further, Townes contacted the Delta County Police Department, which stopped McPherson's truck. Townes arrived at the stop and questioned McPherson about the cigarillos. McPherson refused to submit a DNA sample, denied that the cigarillos were his, denied throwing them out of his truck, and denied any knowledge or association with them. The stop was concluded, and McPherson left the traffic stop without further citation or charges, but he was later arrested and charged with tampering with or fabricating evidence.

## II. Was There Sufficient Evidence to Support McPherson's Conviction?

In his sole point of error, McPherson contends that the evidence is legally insufficient to support his conviction.

In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield*

*v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). Our rigorous legal sufficiency review focuses on the quality of the evidence presented. *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The "hypothetically correct" jury charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.

A person commits the offense of tampering with or fabricating physical evidence if the person, "knowing that an investigation or official proceeding is pending or in progress, . . . alters, destroys, or conceals any record, document, or thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding." TEX. PENAL CODE ANN. § 37.09(a)(1) (West 2016); *State v. Zuniga*, 512 S.W.3d 902, 907 (Tex. Crim. App. 2017); *Graves v. State*, 452 S.W.3d 907, 919 (Tex. App.—Texarkana 2014, pet. ref'd). Here, the jury charge, tracking the language of the indictment, authorized the jury to convict McPherson if it found beyond a reasonable doubt that,

4

on or about June 10, 2017, in Lamar County, Texas, the Defendant, Desean Laverne McPherson, did then and there, knowing that an investigation was in progress, to-wit: defendant being stopped by a law enforcement officer, intentionally or knowingly conceal marijuana, to-wit: by throwing the marijuana out the vehicle window before being stopped by a law enforcement officer, with intent to impair its availability as evidence in the investigation[.][1]

McPherson argues that the evidence was legally insufficient because the State failed to prove that he knew a law enforcement investigation was in progress at the time Townes saw the objects[2] thrown from the truck and the remaining evidence was vague and conflicting. We disagree.

Townes testified that initiating a traffic stop is the most basic type of law enforcement investigation. *See Arizona v. Johnson*, 555 U.S. 323, 327 (2009) (traffic stop constitutes investigative stop); *Pannel v. State*, 7 S.W.3d 222 (Tex. App.—Dallas 1999, pet. ref'd) (marihuana thrown from car during attempted traffic stop for speeding occurred during pending law enforcement investigation), *rev'd on other grounds by Williams v. State*, 270 S.W.3d 140, 145 (Tex. Crim. App. 2008) (evidence tampered with need not match or pertain to investigation in

---

[1]McPherson contends that the indictment alleges that he did not know an investigation was in progress until *after* he stopped the truck. However, the indictment does not support such an interpretation, as the indictment avers that McPherson knew an investigation was in progress because he was "being stopped," rather than "had been stopped" or "having been stopped."

[2]McPherson also contends that Townes was not qualified to identify the substance in the cigarillos as marihuana. To preserve error in admitting improper evidence, a party must make a timely, proper objection and secure a ruling on the objection. TEX. R. APP. P. 33.1(a). The party must object each time the inadmissible evidence is offered unless a running objection has been obtained because any error in the admission of inadmissible evidence is cured when the same evidence comes in elsewhere without objection. *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003); *Dunn v. State*, 125 S.W.3d 610, 614–15 (Tex. App.—Texarkana 2003, no pet.). At trial, McPherson objected to Townes' testimony on the grounds of hearsay and lack of predicate establishing how he identified the substance as marihuana, and the trial court sustained the objection. After Townes testified to his training and experience with marihuana, he again testified that the substance in the cigarillos was marihuana, but McPherson did not object to the testimony. Therefore, this argument was not preserved for appellate review. *See Valle*, 109 S.W.3d at 509; *Dunn*, 125 S.W.3d at 614–15.

progress). Townes testified that his overhead lights were on while he caught up to and followed McPherson across two lanes of traffic and onto the shoulder. The jury could have reasonably rejected McPherson's claim that he was trying to get out of the officer's way and inferred that McPherson knew Townes was trying to stop him because, even though Townes followed McPherson onto the shoulder, McPherson did not stop until after Townes activated his siren, which is about the time Townes saw the objects thrown from the truck. *See Hooper*, 214 S.W.3d at 13 (jury's role is to "fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts").

A video recording from Townes' dash camera showing the pursuit and the stop and purporting to show the objects being thrown from the truck was played for the jury. McPherson argues that the recordings are inconclusive at best. Even though the video recordings and the two still photographs taken from the videos do not clearly and explicitly show any small objects being thrown from the truck or hitting the patrol car's windshield, the jury was free to believe Townes' testimony that he saw the objects. *See id.*

McPherson also argues that Townes gave conflicting and unclear testimony. On direct examination, Townes testified that he saw several objects thrown from the truck, but that, due to the distance and speed of the vehicles, he could not determine, at the time, what the objects were. Townes also testified that the objects were thrown onto the shoulder near a brick house, but on cross-examination, he said the house was gray or white. The jury saw a separate video recording of Townes collecting what are shown to be the cigarillos from the roadside and shoulder, and while the recording does not show exactly where it was taken, the jury, as the sole judge of a witness'

6

credibility, was free to resolve the conflicting evidence and believe Townes' testimony that the recording of his search was conducted in the area where he saw objects being thrown from the truck while it drove along the shoulder. *See id.*

The video recording shows that the truck's windows were rolled up when it initially passed Townes, but at the time of the stop, all four windows had been rolled down. Townes testified that marihuana has an extreme smell and that rolling down a vehicle's windows can allow the vehicle to "air out." McPherson denied smoking marihuana, smelling like marihuana, and having any in his truck, and he testified that, when he "got ready to stop," he rolled all four of the truck's windows down so Townes could see inside the truck. The jury was free to reject McPherson's testimony and accept Townes' testimony and infer that McPherson rolled his windows down to remove any possible marihuana smell from his vehicle's cabin. *See id.*

Viewing all the evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found, beyond a reasonable doubt, that McPherson knew that a criminal investigation was in progress because he was being stopped by Townes and that, with such knowledge, he intentionally or knowingly threw the marihuana cigarillos out of the vehicle with the intent to impair their availability as evidence in the investigation. Accordingly, we overrule this point of error.

7

We affirm the trial court's judgment.

                                        Ralph K. Burgess
                                        Justice

Date Submitted:     May 7, 2019
Date Decided:       May 23, 2019

Do Not Publish